JOHN C. GERREY *versus* ALBERT D. WHITE.

It is not necessary, to the validity of a mortgage of personal property, that the instrument be under seal; and, if the sealing be omitted, though the writing be in the form of a *deed*, it will not be for that reason invalid.

ON AN AGREED STATEMENT OF FACTS.

This was an action of TRESPASS, against the defendant, who was sheriff of the county of Oxford, for the act of his deputy, in attaching and selling certain personal property on an execution against one *Barker*, the same having been attached, on the original writ, on the 9th day of October, 1858.

From the case, as made by the parties, it appears that, on the 30th day of September, 1858, the said Barker conveyed the property before named to the plaintiff in mortgage, which on the same day was recorded. The mortgage instrument contained the following:—"In witness whereof, I, the said Barker, have hereunto set my hand and seal," &c. But no

seal was affixed. A few hours after the attachment, the mortgager added a seal to the mortgage, and it was then recorded as a sealed instrument. No fraud was to be imputed to the plaintiff in the transaction.

It was contended for the defendant, that, inasmuch as the mortgage was intended to be made by *deed*, it was not operative as such, until it had been sealed; which was not until after the attachment of the property had been made. That if the mortgage is to be regarded as a simple contract perfected, when the seal was affixed the simple contract was merged in one of a higher nature.

*Hastings*, for the plaintiff.

*Haskell*, for the defendant.

The opinion of the Court was drawn up by

GOODENOW, J.—This is an action of trespass against the defendant as sheriff, for the act of his deputy in attaching and selling the property named in the writ as the property of one Samuel W. Barker, but which property the plaintiff claims by virtue of a mortgage, duly executed, but without a seal, except as appears hereafter.

"It is agreed that the mortgage from Barker to the plaintiff had no seal upon it, neither at the time of the attachment of the property, or at the time it was recorded, Sept. 30, 1858. That the property was attached as aforesaid on the ninth day of October, 1858, at five o'clock, P. M. That the plaintiff caused a seal to be affixed to said mortgage at 7 o'clock, P. M., October 9, 1858, and the same noted on the record at the same time."

It is admitted that no fraud is to be imputed to the plaintiff. It was imprudent in him to attempt to affix a seal to his mortgage after an attachment had been made by the defendant's deputy, and to change the record accordingly. Without this admission, we might have inferred that the transaction was fraudulent. He caused the record to speak of an instrument under seal, when in fact, it was not under seal. It

was a misapprehension of his rights and of his duty, without any evil intention. His title under the mortgage was perfect without this addition of a seal, which was probably omitted by mistake, and was earlier in point of time than the attachment, and, therefore, paramount to that of the attaching creditor. According to the agreement of the parties, the defendant must be *defaulted to be heard in damages.*

TENNEY, C. J., and RICE, APPLETON, DAVIS and KENT, JJ., concurred.